**Robert W. LEE, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 5717.**

Supreme Court of Wyoming.

Nov. 30, 1982.

Sylvia Lee Hackl, Appellate Counsel, Wyoming Public Defender Program, and Steven E. Weerts, Legal Intern, Wyoming Public Defender Program, Cheyenne, signed the brief. Sylvia Lee Hackl appeared in oral argument on behalf of appellant.

Steven F. Freudenthal, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Allen C. Johnson, Senior Asst. Atty. Gen., and Roger Fransen, Legal Intern, signed the brief. Roger Fransen appeared in oral argument on behalf of appellee.

Before ROSE, C.J., RAPER, THOMAS, ROONEY and BROWN, JJ.

nette Enterprises, Inc. His wife owned the other 50% of the stock.

ROONEY, Justice.

Robert W. Lee, appellant-defendant, and Gary Williams were charged separately with offenses arising from a robbery of the Wyoming State Bank in Cheyenne. Upon motion of the prosecution, the trials of appellant and Williams were consolidated. Appellant was found guilty by a jury of robbery in violation of § 6–4–401, W.S. 1977, and of conspiracy to commit robbery in violation of § 6–1–203, W.S.1977, Cum. Supp.1981. On appeal from the judgment and sentence, appellant words the only issue as follows:

> "Whether the trial court erred in denying Appellant's repeated motions for a separate trial in the face of confusing and prejudicial testimony."

We affirm.

The joinder of offenses and defendants for trial is governed by Rules 11 through 13 of the Wyoming Rules of Criminal Procedure.[1] Rule 12, W.R.Cr.P.,[2] permits the joinder for trial of two or more informations if the offenses and defendants could have been joined in a single information pursuant to Rule 11, W.R.Cr.P. Rule 11 provides:

> "(a) *Joinder of offenses.*—Two (2) or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction, or on two (2) or more acts or transactions connected together or constituting part of a common scheme or plan.

> "(b) *Joinder of defendants.*—Two (2) or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. Such defendants may be charged in one (1) or more counts together, or separately, and all of the defendants need not be charged in each count."

Clearly appellant and Williams could have been charged in the same information. They were alleged to have participated " * * * in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses," Rule 11(b), W.R.Cr.P., supra, i.e. the planning and execution of the robbery of the Wyoming State Bank in Cheyenne. See: *United States v. Luna,* 585 F.2d 1 (1st Cir.1978), cert. denied 439 U.S. 852, 99 S.Ct. 160, 58 L.Ed.2d 157 (1978); *United States v. Adams,* 581 F.2d 193 (9th Cir.1978), cert. denied 439 U.S. 1006, 99 S.Ct. 621, 58 L.Ed.2d 683; and *United States v. Harris,* 458 F.2d 670 (5th Cir.1972), cert. denied 409 U.S. 888, 93 S.Ct. 195, 34 L.Ed.2d 145. Therefore, the joinder of appellant and Williams for trial was proper unless " * * * it appears that a defendant or the state is prejudiced by a joinder * * * of defendants * * * for trial together." Rule 13, W.R.Cr.P.[3]

Joint trials of defendants charged with committing the same offenses are the rule rather than the exception. *Jasch v. State,* Wyo., 563 P.2d 1327, 1335 (1977); and *Linn v. State,* Wyo., 505 P.2d 1270, 1274 (1973), cert. denied 411 U.S. 983, 93 S.Ct.

---

1. Rules 11, 12 and 13, W.R.Cr.P., were taken from Rules 8(a), 13 and 14, F.R.Cr.P. Therefore, we give Federal precedent great weight in interpreting these rules. *Dobbins v. State,* Wyo., 483 P.2d 255, 258 (1971).

2. Rule 12, W.R.Cr.P., provides:
 "The court may order two (2) or more indictments or informations or both to be tried together if the offenses, and the defendants, if there is more than one (1), could have been joined in a single indictment or information. The procedure shall be the same as if the prosecution were under such single indictment or information."

3. Rule 13, W.R.Cr.P., provides:
 "If it appears that a defendant or the state is prejudiced by a joinder of offenses or of defendants in an indictment or information, or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. In ruling on a motion by a defendant for severance, the court may order the prosecuting attorney to deliver to the court for inspection *in camera* any statements or confessions made by the defendant which the state intends to introduce in evidence at the trial."

2277, 36 L.Ed.2d 959, reh. denied 412 U.S. 944, 93 S.Ct. 2780, 37 L.Ed.2d 405. In determining whether or not to grant a severance the trial court must weigh the prejudice caused by joinder against the economy and expedition in judicial administration provided by joinder. *United States v. Hopkinson,* 631 F.2d 665, 668 (10th Cir.1980); *United States v. Petersen,* 611 F.2d 1313, 1331 (10th Cir.1979), cert. denied 447 U.S. 905, 100 S.Ct. 2985, 64 L.Ed.2d 854; *United States v. Harris,* supra, 458 F.2d at 673. The grant or denial of a motion for severance is committed to the sound discretion of the trial court and will not be reversed unless clear abuse of discretion is shown. *Jasch,* supra, 563 P.2d at 1335; *Hopkinson,* supra, 631 F.2d at 668; *United States v. Parnell,* 581 F.2d 1374, 1383 (10th Cir.1978), cert. denied 439 U.S. 1076, 99 S.Ct. 852, 59 L.Ed.2d 44 (1979); *Adams,* supra, 581 F.2d at 197; *Harris,* supra, 458 F.2d at 673.

·Appellant contends that the trial court abused its discretion in denying severance. Appellant argues that prejudice warranting severance arises from the factual and legal complexity of the case, but he has failed to substantiate his contention.

In *United States v. Jackson,* 549 F.2d 517 (8th Cir.1977), 40 A.L.R.Fed. 907, cert. denied 430 U.S. 985, 97 S.Ct. 1682, 52 L.Ed.2d 379, five defendants were charged with various counts of conspiracy and distribution of controlled substances. In affirming the convictions the court addressed the propriety of the joinder for trial. The court there said, at page 525:

"* * * The preference for joint trials of defendants jointly indicted, particularly where conspiracy is charged, *United States v. Hutchinson,* [488 F.2d 484 (8th Cir.1973)] supra at 492, is not limited by any requirement that the quantum of evidence of each defendant's culpability be equal. It is indeed hard to imagine a multiple defendant case in which the evidence against individual defendants is either quantitatively or qualitatively equiv-

alent. A defendant is not entitled to severance merely because the evidence against a co-defendant is more damaging than the evidence against him. *United States v. De Larosa,* 450 F.2d 1057, 1065 (3rd Cir.1971), cert. denied, 405 U.S. 927, 92 S.Ct. 978, 30 L.Ed.2d 800 (1972). Severance becomes necessary where the proof is such that a jury could not be expected to compartmentalize the evidence as it relates to separate defendants. *United States v. De Larosa,* supra at 1065."

And see *United States v. Singer,* 660 F.2d 1295, 1307 (8th Cir.1981), cert. denied 454 U.S. 1156, 102 S.Ct. 1030, 71 L.Ed.2d 314 (1982) (two defendants, two charges); *United States v. Luna,* supra, 585 F.2d at 5, (three defendants, three charges); *United States v. Simmons,* 679 F.2d 1042, 1050–1051 (3rd Cir.1982) (five defendants, twenty-two counts); *United States v. Jones,* 578 F.2d 1332, 1339–1340 (10th Cir.1978), cert. denied 439 U.S. 913, 99 S.Ct. 284, 58 L.Ed.2d 259 (six defendants, two counts).

 In the present case there is some evidence applicable only to Williams. There was evidence linking Williams, but not Lee, to various items associated with the robbery, i.e. William's fingerprint on simulated weapon and on a car used in the robbery, and "bait"[4] money found on Williams. However, this evidence could be easily "compartmentalized" by the jury. The majority of the evidence against Williams was also admissible against appellant. Miss Cooper, a witness who was also charged in the robbery, testified to the joint activities of Williams and appellant prior to the robbery. Williams constructed the simulated weapon while appellant made the masks used in the robbery. Appellant stayed in a room in which the "bait" money was found. Appellant was not prejudiced by joinder under these circumstances.

This case is unlike those cited by appellant in support of his contention. Appellant and Williams were both charged with the

4. "Bait" money is serially recorded or otherwise marked money to be delivered by the

bank to robbers in event of a robbery.

two counts of conspiracy and robbery unlike the charge against the appellant in *United States v. Mardian,* 546 F.2d 973 (D.C.Cir. 1976) who was alleged to have participated in only five of forty-five overt acts of conspiracy and was not alleged to have participated in the substantive offense. There was no prejudicial testimony of Williams incriminating appellant as in *United States v. Salomon,* 609 F.2d 1172 (5th Cir.1980); nor was a confession by Williams introduced through the testimony of another as in *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968); *Sims v. United States,* 405 F.2d 1381 (D.C.Cir.1968); and *People v. Aranda,* 63 Cal.2d 518, 47 Cal. Rptr. 353, 407 P.2d 265 (1965).

The joinder of appellant and Williams for trial was proper. Appellant has failed to show any prejudice resulting from the joinder. The legal issues were not complex. Appellant and Williams were charged with the same robbery and conspiracy to commit that robbery. The facts were not complex, nor was there a great disparity in the evidence as to each defendant. The jury was instructed at appropriate points to consider the evidence only as it related to each of the defendants. The jury could easily distinguish and compartmentalize the evidence as it related to the separate defendants.

Affirmed.