CRAYNE et al,
*Respondents,*

*v.*

ELK LAKE TIMBER CO., dba
Gregory Timber Resources, Inc.,
*Appellant.*

(81-1346; CA A29745)

BLAIR,
*Respondent,*

*v.*

ELK LAKE TIMBER CO., dba
Gregory Timber Resources, Inc.,
*Appellant.*

(81-1348; CA A29746)
(Cases consolidated)

692 P2d 658

John E. Davis, Grants Pass, argued the cause for appellant. With him on the briefs was Calvert and Davis, Grants Pass.

Sam A. McKeen, Klamath Falls, argued the cause and filed the brief for respondents.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

In these cases tried together and consolidated on appeal, defendant appeals from judgments entered for plaintiffs after a jury verdict. We reverse, because the trial court erred in instructing the jury.

In August and September, 1981, plaintiffs hauled logs to defendant's mill under a contract with Little River Lumber Products Co., the owner of the logs. Little River failed to pay plaintiffs for their labor, so they filed logger's liens on the logs pursuant to ORS 87.222. Notices of the liens were sent to defendant. Defendant nevertheless processed some of those logs.

Plaintiffs filed complaints, each containing two claims for relief. The first count alleged that defendant, with notice of the lien, "sold, concealed and transferred" some of the logs and requested that the remaining logs be sold to satisfy the lien. The second claim was for conversion and sought only punitive damages. Defendant moved, *inter alia,* to strike the first count on the ground that it contained two claims, one seeking foreclosure of the lien and the other seeking damages under ORS 87.332,[1] and to dismiss the second for failure to state a claim on the ground that punitive damages are not recoverable without a showing of compensatory damages. The trial court granted those motions.

Plaintiffs then filed amended complaints, each setting forth one claim for relief. The complaints alleged that defendant "did process, conceal and convert" the logs with notice of plaintiffs' liens and requested compensatory and punitive damages and attorney fees. Defendant moved (1) to strike the amended complaints on the ground that they each contained two claims for relief, one for conversion and one for

---

[1] ORS 87.332 provides:

"Except for a person holding a prior duly perfected security interest in a chattel subject to a lien created by ORS 87.216, any person to whom a notice of claim of lien has been given as provided in ORS 87.242, 87.252 and 87.306 who dismantles, removes from this state, misdelivers or conceals a chattel or the proceeds of the sale of a chattel upon which there is a valid lien without the written consent of the lien claimant, shall be liable to the lien claimant for damages proximately resulting therefrom, which sum may be recovered in an action at law without instituting foreclosure proceedings. The court shall allow reasonable attorney fees at trial and on appeal to the prevailing party."

damages under ORS 87.332, (2) to dismiss for failure to state a claim under ORS 87.332, (3) to dismiss for failure to state a claim for conversion, (4) to strike plaintiffs' requests for attorney fees and (5) to strike the request for punitive damages in the event that the court interpreted the complaint as a damage action under ORS 87.332. The court struck the request for attorney fees and held that "an action under ORS 87.332 is not available to one holding a lien under any provision other than ORS 87.216." (Plaintiffs' liens were filed under ORS 87.222.) It denied the other motions.

The case proceeded to trial on the amended complaints as modified by the court's ruling. After plaintiffs had rested, defendant moved for directed verdicts on the ground that the evidence did not support the allegation of conversion. The court denied the motions. At the close of the trial, the court instructed the jury on both conversion and the elements of an action for damages under ORS 87.332.

Defendant argues that the court erred in instructing the jury on an action under ORS 87.332, because it had ruled earlier that a claim under that statute was not available to plaintiffs.[2] It is apparent from the court's ruling that it interpreted the amended complaints as stating a tort action for conversion and that the court contemplated that plaintiff would proceed to trial solely on that theory. The record reveals that, after the court's ruling on the motions to strike, defendant's counsel believed that he was defending only a conversion action. Plaintiffs' counsel asserts on appeal that he proceeded under the statutory theory. That assertion, however, is contrary to the court's ruling that plaintiffs were not entitled to bring an action under ORS 87.332.

It would be unfair to allow plaintiffs to recover on a theory that the trial court earlier ruled was not available to them. Defendant's counsel would most probably have defended the case differently had he known that the jury would be instructed under ORS 87.332. Under those circumstances, the trial court erred in instructing the jury on the statutory action. Because it is unclear under which theory the

---

[2] Plaintiffs contend that defendant invited the court's error by requesting the instruction. Defendant denies requesting the instruction, and nothing in the record indicates that it did request the instruction.

jury awarded damages, the judgment is reversed and the case remanded.[3] *Gardyjan v. Tatone,* 270 Or 678, 528 P2d 1332 (1974); *Blake v. Webster Orchards,* 249 Or 348, 437 P2d 757 (1968).

Reversed and remanded.

---

[3] Because of our disposition of the case, we need not reach defendant's other assignments of error.