**426**

715 P.2d 282

**Virginia A. BRYANT, a married woman dealing with her sole and separate property, Plaintiff-Appellant,**

v.

**William F. SULLIVAN, Defendant-Appellee.**

**1 CA–CIV 6695.**

Court of Appeals of Arizona, Division 1, Department C.

March 14, 1985.

Reconsideration Denied Supplemental Opinion Aug. 13, 1985.

Favour, DePasquale, Moore & Schuyler, P.A. by Mark M. Moore, David K. Wilhelmsen, Prescott, for plaintiff-appellant.

Mitchell, Timbanard & Katz, P.C. by Sheldon Mitchell, Kerry B. Moore, Phoenix, for defendant-appellee.

OPINION

JACOBSON, Chief Judge.

The sole issue presented by this appeal is whether, under California law [1], an ex-wife of a serviceman had a community property interest in 1970 in her ex-husband's military retirement pension.

The facts are not in material dispute. Appellant, Virginia A. Bryant, (hereinafter Bryant) and appellee, William F. Sullivan, (hereinafter Sullivan) were married in June, 1946. At all times during the marriage, Sullivan was a member of the U.S. Air Force. On January 19, 1970 that marriage was dissolved by a final Judgment of Dissolution entered in the Superior Court, County of Sacramento, in the State of California. Prior to the judgment, the parties had entered into a Marital Settlement Agreement in which both parties were represented by attorneys. The judgment and the settlement agreement were silent as to Sullivan's military retirement pension.[2] In June, 1971, Sullivan retired from the military and began to receive his pension.

In December, 1978, Bryant filed an action in Yavapai County (where Sullivan now resides), seeking to enforce her alleged community property interest in Sullivan's retirement pension. On April 14, 1982, the trial court rendered judgment, based on *McCarty v. McCarty,*[3] 453 U.S.

---

1. The parties agree, and we acquiesce in that agreement, that the issues raised by this appeal are controlled by California law. However, we see no difference between California and Arizona law on this subject.

2. Sullivan argues that while the settlement agreement was silent as to the military pension, it was considered by the parties in arriving at

settlement of other issues, i.e., alimony, child support and property division. We deem this immaterial in our resolution of this problem.

3. *McCarty* held that under principles of federal preemption that states could not apply community property principles to U.S. military retirement pensions.

210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), finding that Sullivan's military retirement benefits were not subject to any community property interest. Pending appeal of the trial court's judgment, the United States Congress enacted the Uniformed Services Former Spouse's Protection Act, (Pub.L. No. 97–252, 96 Stat. 730, 10 U.S. C.A. § 1408), (hereinafter FSPA) which statutorily changed the *McCarty, supra,* result and returned to the states the right to consider military pensions as community property.

Bryant's primary argument on appeal is that at the time the decree of dissolution was entered, California recognized that military retirement benefits were community property. *See In re Marriage of Fithian,* 10 Cal.3d 592, 111 Cal.Rptr. 369, 517 P.2d 449 (1974)[4]; that California, like Arizona, recognizes that unadjudicated community property is held by the parties as tenants in common following a decree of dissolution, *see Henn v. Henn,* 26 Cal.3d 323, 161 Cal. Rptr. 502, 605 P.2d 10 (1980); that *McCarty* does not operate to retroactively divest her of that property interest; and that in any event, the enactment of the FSPA, which overruled *McCarty,* reestablishes that property interest.

In arguing that in 1970 Bryant had a community property interest in Sullivan's military retirement, she urges that *McCarty* cannot be applied retroactively to deprive her of that interest. It is true that California, under certain circumstances, has refused to apply *McCarty* retroactively. *See Marriage of Sheldon,* 124 Cal. App.3d 371, 177 Cal.Rptr. 380 (1981); *In re Marriage of Jacanin,* 124 Cal.App.3d 67, 177 Cal.Rptr. 86 (1981); *In re Marriage of Mahone,* 123 Cal.App.3d 17, 176 Cal.Rptr. 274 (1981). However, in each of these cases, the non-military spouse's interest in a military pension had been adjudicated in a final decree of dissolution entered prior to the *McCarty* decision. In each case, the military spouse, post *McCarty,* was at-

tempting to set aside that final adjudication. In this situation, the reason for not applying *McCarty* retroactively was succinctly stated in *Sheldon, supra:*

> In perhaps no other area of law is the need for stability and finality greater than marriage and family law.... To permit and in fact encourage the relitigation of property interests long after the issues were supposedly settled would merely serve to reopen old wounds and create new ones.

124 Cal.App.3d at 379, 177 Cal.Rptr. at 384.

Here, Bryant can point to no adjudicated entitlement to an interest in Sullivan's pension. Rather, she must rely upon pre-*McCarty* California case law to establish that right. The question then becomes whether, in view of *McCarty,* the case law which found such a community property interest to exist was erroneously decided.

This issue was faced in *Sharpe v. Superior Court of Sacramento,* 143 Cal.App.3d 469, 474, 192 Cal.Rptr. 16 (1983). In *Sharpe,* the wife brought a malpractice suit against her attorney who had failed, in 1968, to secure her community property right in her ex-spouse's military pension. In determining whether such a community property interest existed at the time of the alleged negligence, the court held:

> *McCarty* informed us prior California case law (citations omitted) discerning a community property right in military retirement pensions was in violation of federal statutes.... *McCarty is declaratory of the meaning of federal statutes which were in effect at the time of Sharpe's alleged negligence. By that law, Mrs. Beronio never had a property right in her ex-spouse's military pension capable of being forfeited. She has no vested right in erroneous California case law* which might have been applied

**4.** We note, in passing, that at least until 1974, there were serious doubts as to whether nonvested pensions were to be treated as community property in California. *See French v. French,*

17 Cal.2d 775, 112 P.2d 235 (1941); *Smith v. Lewis,* 13 Cal.3d 349, 118 Cal.Rptr. 621, 530 P.2d 589 (1975).

to her claim had it been timely raised. (emphasis added)

143 Cal.App.3d at 473, 192 Cal.Rptr. at 19.

We find this reasoning applicable here. Bryant, like Sharpe, had no vested interest in erroneous California case law granting her an interest in Sullivan's military pension. Bryant, like Sharpe, had no property interest in her ex-spouse's military pension. If no property interest existed in 1970, obviously Bryant cannot acquire a tenancy in common interest in Sullivan's separate property.

We therefore hold, under California law, in 1970 Sullivan's military pension was his sole and separate property and Bryant possessed no interest in that pension to which tenancy in common principles of law might attach.

We now turn to the applicability of the FSPA to this litigation. California has considered the effect of the FSPA on decisions arising during, after and pending the decision in *McCarty*. *See In re Marriage of Hopkins*, 142 Cal.App.3d 350, 191 Cal.Rptr. 70 (1983); *In re Marriage of Ankenman*, 142 Cal.App.3d 833, 191 Cal.Rptr. 292 (1983); *In re Marriage of Sarles*, 143 Cal. App.3d 24, 191 Cal.Rptr. 514 (1983); *In re Marriage of Buikema*, 139 Cal.App.3d 689, 188 Cal.Rptr. 856 (1983); *In re Marriage of Fairfull*, 161 Cal.App.3d 532, 207 Cal.Rptr. 523 (1984). While all of these cases arose during the "window" created by the decision in *McCarty* and the subsequent enactment of FSPA, we believe all of these cases stand for the proposition that in California, the FSPA will be given retroactive effect to all judgments which were not *final* as of the date *McCarty* was rendered. This perception is summed up in *In re Marriage of Hopkins, supra:*

We hold therefore, that the Act [FSPA] is retroactive to the date of the issuance of the decision in *McCarty*, that is, June 26, 1981, and is applicable to all cases *not final as of the effective date of the Act, that is, February 1, 1983.* (emphasis added)

142 Cal.App.3d at 360, 191 Cal.Rptr. at 77.

We are supported in our interpretation of California law that the FSPA is not applicable to decrees of dissolution which became final prior to *McCarty*, by the conference committee's report on the effect of the retroactivity of the FSPA:

Although the conference report contains no prohibition against courts reopening decisions before that date, the conferees agree that changes to court orders finalized before the *McCarty* decision should not be recognized if those changes were effected after the *McCarty* decision (and before the effective date of the new title X) to implement the holding in that decision (for example, a modification setting aside a pre-*McCarty* division of military retired pay).

*See* 128 Cong.Rec. H5999–6000 (daily ed. August 16, 1982).

This retroactive application (to June 26, 1981, the date of *McCarty*) will at least afford individuals who were divorced (or had decrees modified) during the interim period between June 26, 1981 and the effective date of this legislation the opportunity to return to the courts to take advantage of this provision.

S.Rep. No. 502, 97th Cong.2nd Sess. (1982) *reprinted in* 1982 U.S.Code Cong. & Ad.News 1611. See also *In re Fellers*, 125 Cal.App.3d 254, 178 Cal.Rptr. 35 (1981).

We hold, therefore, that the FSPA is retroactive to the date of issuance of the decision in *McCarty*, that is, June 26, 1981 and is applicable to all decrees of dissolution *not final as the effective date of the Act, February 1, 1983.*

Admittedly, the California decisions, as well as the conferees' report, refer to situations in which the wife obtained an award of a community interest in a military pension prior to *McCarty*. However, both the California decisions and the tenor of the conferees' report give a strong indication that the FSPA was not to be given effect to decrees which became final prior to *McCar-*

*ty.* Since Bryant's decree of dissolution had such finality, the FSPA does not apply.

In summary, we hold that Bryant's decree of dissolution having become final prior to *McCarty,* and since *McCarty* decreed that no community property interest existed in 1970 in Sullivan's military pension, the FSPA cannot be given retroactive effect to change that final adjudication.

The judgment of the trial court is affirmed.

EUBANK, P.J., and OGG, J., concur.

## SUPPLEMENTAL OPINION

JACOBSON, Chief Judge.

On March 14, 1985, this court rendered its opinion in this matter, holding, as a matter of law that the Uniformed Services Former Spouse's Protection Act was retroactive only to the date of the issuance of the United States Supreme Court decision in *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). We therefore held that a divorce decree which became final prior to that date and was silent as to any community interest in military retirement was unaffected by the provisions of the Act.

We are now convinced that we were mistaken in that holding. Our prior opinion was based upon a two step analysis of whether in view of *McCarty,* a non-military spouse in 1970 had a community interest in the military spouse's retirement.

We concluded, based upon the case of *Sharpe v. Superior Court of Sacramento,* 143 Cal.App.3d 473, 192 Cal.Rptr. 16 (1983), that the effect of *McCarty* was to declare erroneous all prior California case law holding that military retirement was subject to the community property laws of California. We therefore held that "under California law, in 1970, Sullivan's military pension was his sole and separate property and Bryant possessed no interest in that pension to which tenancy in common principles of law might attach."

Based upon this conclusion, we surmised that Sullivan's sole and separate property

rights in the military pension were thus "final" in 1970 and that the enactment of the Uniformed Services Former Spouse's Protection Act (Pub.L. No. 97–252, 96 Stat. 730, 10 U.S.C.A. § 1408) which was retroactive only to June 26, 1981, could not affect that "final decree".

Based upon this 2-step analysis, we affirmed the trial court's dismissal of Bryant's complaint. Of course, the linchpin to this analysis was the holding in *Sharpe* that *McCarty* had held that in 1970, Bryant had no community property interest in her ex-spouse's military retirement. Subsequent to our original decision, the California Supreme Court has ruled that *Sharpe* is not the law in California. In *Aloy v. Mash,* 38 Cal.3d 413, 212 Cal. Rptr. 162, 692 P.2d 658 (1985), the California Supreme Court specifically held:

> Whatever may be said in favor of defendant's theory [that McCarty had the retroactive effect of declaring that in 1971 a non-military spouse had no community interest in military retirement] were this premise correct, the fact is that no case within our memory has received less retroactive application than *McCarty.* Starting with the last paragraph of the *McCarty* opinion itself, the judicial and legislative branches, state and federal, cooperated in a massive and largely successful drive to make *McCarty* disappear prospectively, presently and retroactively. Some highlights of that effort are noted below [footnote omitted]. The result is that, for most purposes, *McCarty* is not the law but never really was. As one Court of Appeals put it: "[T]here is no longer any *McCarty* rule to be retroactively applied." [citation omitted].

*Id.* 212 Cal.Rptr. at 167, 692 P.2d at 663.

If then, *Aloy* holds that *McCarty* never was the law, it necessarily follows that in 1970 when the decree of dissolution was entered between Sullivan and Bryant, there existed a community interest in Sullivan's military retirement, which was, at least on

the face of the decree, undisposed of by that decree.[1]

Since there has not been a "final" adjudication of that interest, the FSPA would obviously grant authority for a state court to determine that interest.

For the foregoing reasons, we grant reconsideration in this matter; the prior opinion of this court affirming the decision of the trial court is set aside; and this matter is remanded for further proceedings.[2]

OGG, P.J., and EUBANK, J., concur.

---

1. In our original opinion in this matter, we concluded that Arizona and California law on this subject were the same. In view of *Aloy*, we now retract that statement. However, we are compelled to apply California law to this decree, regardless of whether we agree with that law. *See Herrera v. Herrera*, Ariz. (2 CA–CIV 5191, filed May 24, 1985).

2. By remanding, all defenses raised by Sullivan to Bryant acquiring any interest in the retire-

ment are likewise reinstated and subject to factual and legal resolutions.