2001 WY 70

**Rudy HERNANDEZ, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 99-205.**

Supreme Court of Wyoming.

Aug. 10, 2001.*

Rehearing Denied Sept. 4, 2001.

Representing Appellant: Sylvia Lee Hackl, State Public Defender; Donna D. Domonkos, Appellate Counsel; Diane E. Courselle, Director, Wyoming Defender Aid Clinic, University of Wyoming College of Law; Terry Connolly, Student Intern; and Loretta R. Howieson, Student Intern.

* This was originally assigned to Justice Thomas on August 1, 2000, for the rendering of a proffered majority opinion. This case was reassigned to Justice Hill on February 5, 2001.

Representing Appellee: Gay Woodhouse, Wyoming Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Georgia L. Tibbetts, Senior Assistant Attorney General; Theodore E. Lauer, Director, Prosecution Assistance Program; and Joseph P. Johnson III, Student Intern.

Before LEHMAN, C.J., and GOLDEN, HILL, and KITE, JJ.

HILL, Justice.

[¶ 1] Appellant, Rudy Hernandez, appeals from the judgment and sentence of the district court finding him guilty of violating Wyo. Stat. Ann. § 35-7-1031(a)(i) (LexisNexis 2001), read in conjunction with § 35-7-1016(b)(iv) (LexisNexis 2001), delivery of "crack" cocaine on November 23, 1997. Hernandez was sentenced to a term of imprisonment of not less than five years, nor more than seven years. Hernandez contends that his trial was improperly joined with that of a co-defendant and that the trial court abused its discretion in admitting evidence obtained in a search of Hernandez's home. That search occurred approximately four and one-half months after the delivery of narcotics for which he was convicted.

[¶ 2] We affirm.

### ISSUES

[¶ 3] Hernandez states the issues as follows:

I. Did the court abuse its discretion in denying severance because Mr. Hernandez, who was charged with only one count of delivery, was prejudiced by his joint trial with his co-defendant who was charged with three separate deliveries?

II. Did the trial court err by allowing unfairly prejudicial evidence found in a search of Rudy Hernandez's home nearly six months after the only offense for which he was on trial to be admitted in violation of Rule [W.R.E.] 404(b)?

The State rephrases those issues in this fashion:

I. Did the district court exceed its authority or abuse its discretion in granting the State's motion for joinder?

II. Did the district court abuse its discretion in admitting into evidence property seized in the execution of a search warrant at Appellant's residence on April 10, 1998?

### FACTS

[¶ 4] The co-defendant with whom Hernandez was tried was Craig Blumhagen. We have already disposed of his appeal, and we adopt the statement of the operative facts from that case. *Blumhagen v. State,* 11 P.3d 889 (Wyo.2000). Any additional facts necessary to the disposition of this appeal will be set out in our discussion of the issues.

In the fall of 1997, Detective Wesley Gasner of the Cheyenne Police Department enlisted the help of a confidential informant to uncover drug activities in Cheyenne. The confidential informant asked Blumhagen to meet her at her apartment on November 2, 1997. Detective Gasner searched the confidential informant prior to the meeting and gave her a cellular telephone and money to buy cocaine.

Blumhagen was driven to the confidential informant's apartment by an unidentified person in a car registered to Rudy Hernandez. Blumhagen gave the cocaine to the confidential informant, and the informant paid him with the money provided by Detective Gasner. During the exchange, Detective Gasner hid in the confidential informant's bathroom, and two other officers surveilled the apartment from outside. Blumhagen left the apartment in Hernandez's car.

The confidential informant also purchased cocaine from Blumhagen later that evening. Detective Gasner drove the confidential informant to Blumhagen's apartment. The detective then gave Blumhagen and the confidential informant a ride to a Cribbon Avenue residence, which apparently belonged to Hernandez. Detective Gasner remained in the car while Blumhagen and the confidential informant walked down an alley near the residence. Blumhagen went into Hernandez's house, and the confidential informant waited outside in the alley. When he returned from Hernandez's house, Blumhagen gave the cocaine to the confidential informant.

On November 23, 1997, the confidential informant met Detective Gasner at the po-

lice station. Detective Gasner drove the confidential informant to Blumhagen's apartment, and she went inside. The detective waited in the car and other officers surveilled the area while the confidential informant was in Blumhagen's apartment. Blumhagen told the confidential informant that he was "waiting for the guy to bring it over." After approximately fifteen minutes, Hernandez arrived at the apartment. He and Blumhagen talked in a corner, and then Hernandez left. Blumhagen put the cocaine into the confidential informant's pocket, and she paid him.

On January 16, 1998, the district attorney filed a criminal information, charging Blumhagen with three counts of delivering cocaine. On April 10, 1998, the police searched Hernandez and Blumhagen's residence on Cribbon Avenue, seizing drugs and drug paraphernalia. Blumhagen was arrested, and, after he and Hernandez were tried in a joint trial, a jury found Blumhagen guilty of all three counts.

*Blumhagen,* 11 P.3d at 891-92. (Footnote omitted.)

### ERRONEOUS JOINDER
### OF DEFENDANTS

[¶ 5] Hernandez and his co-defendant, Blumhagen, were tried together in accordance with W.R.Cr.P 8(b) and 13. Rule 8(b) provides:

(b) *Joinder of defendants.*--Two or more defendants may be charged in the same citation, indictment or information if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together, or separately, and all of the defendants need not be charged in each count.

[¶ 6] Rule 13 provides:

The court may order two or more indictments, informations, citations or a combination thereof to be tried together if the offenses, and the defendants, if there is more than one, could have been joined in a single indictment, information or citation. The procedure shall be the same as if the prosecution were under such single indictment, information or citation.

[¶ 7] In this instance, Hernandez and Blumhagen were charged in separate informations. Hernandez was charged with one count of delivery of cocaine (the November 23, 1997 delivery). As noted in the factual statement above, Blumhagen was charged with three counts of delivery of cocaine (two deliveries on November 2, 1997 and the delivery in which both Hernandez and Blumhagen directly participated on November 23, 1997). The information charging Hernandez was filed in county (now circuit) court on January 16, 1998. The warrant for Hernandez's arrest was also issued on that same date but was not executed until April 10, 1998. Hernandez was arrested at his home, and his home was searched pursuant to a warrant at the time of his arrest. On June 24, 1998, the State filed a motion for joinder of defendants, and it was granted by order entered on June 29, 1998. The record also demonstrates that Hernandez objected to joinder at a hearing conducted by the trial court on July 10, 1998, and that was denied by order entered on July 13, 1998. Also, in a September 14, 1998 document entitled, "Order Ruling on Various Motions," the district court states that Hernandez objected to joinder in a pro se motion (which the district court treated as a motion for reconsideration), but the motion was denied. All of Hernandez's objections should properly have been considered as motions for relief from prejudicial joinder. Such motions are governed by W.R.Cr.P. 14, which provides:

If it appears that a defendant or the state is prejudiced by a joinder of offenses or of defendants in an indictment, information or citation, or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. In ruling on a motion by a defendant for severance, the court may order the attorney for the state to deliver to the court for inspection *in camera* any statements or confessions made by the defendants which the state intends to introduce in evidence at the trial.

[¶ 8] Hernandez contends that the district court abused its discretion in denying his motion to sever his trial from that of

Blumhagen. Our construction of Rules 8(b) and 13 remains the same as it has been for many years. Joint trials of defendants charged with committing the same offense are the rule rather than the exception. *Lee v. State,* 653 P.2d 1388, 1389-90 (Wyo.1982). The joinder of cases for trial is within the discretion of the district court, and we do not fault or adjust the trial court's ruling unless an abuse of discretion is clearly shown, together with prejudice resulting from that abuse of discretion. *Warren v. State,* 835 P.2d 304, 310-11 (Wyo.1992). In the *Warren* case we also observed that if the circumstances of the crimes make it difficult, if not impossible, to sort out and compartmentalize the events that occurred which constituted the crimes, then the State is entitled to have leeway in presenting the factual picture to the jury. As in *Warren,* the factual information, which Hernandez posits as prejudicial, was nothing more than the information that related the "whole story" of the series of drug transactions that resulted in both defendants being charged. Moreover, Hernandez had the burden to show prejudice by the joinder. *Seeley v. State,* 715 P.2d 232, 236-37 (Wyo.1986); *United States v. Hopkinson,* 631 F.2d 665 (10th Cir.1980); 1A Charles Alan Wright, Federal Practice and Procedure: Criminal 3d § 223 at 489-90, 493-94 (see esp. n. 5) (1999). When the facts of this case are measured against these standards of review, we are compelled to conclude that Hernandez was not subjected to significant prejudice by his joint trial with Blumhagen, nor did the district court abuse its discretion in denying Hernandez's motion for severance.

[¶ 9] With respect to this issue, Hernandez also contends that the district court failed to properly instruct the jury to "compartmentalize" the evidence as it related to the two defendants. The district court gave all requested instructions. Prior to opening statements, the trial court advised the jury of the elements of the one charge against Hernandez, as well as the elements of the three separate charges against Blumhagen. At that same time, the jury was also directed to treat each charge and each defendant separately. These same instructions were again given to the jury both orally and in written form prior to their deliberations. In addition, the jury was instructed that: "The defendant is not on trial for any act or any conduct not specifically charged in the information." We hold that there was no error in the trial court's instructions to the jury, nor do we perceive error in the trial court's failure sua sponte to give further instructions.

[¶ 10] Finally, Hernandez asserts, without benefit of cogent argument or citation to pertinent authority, that the failure of Hernandez's trial counsel to request additional instructions throughout trial constitutes ineffective assistance of counsel. Absent cogent argument or citation to pertinent authority, we will not consider that issue. *Blumhagen,* 11 P.3d at 897 n. 2.

## INADMISSIBLE EVIDENCE

[¶ 11] Hernandez contends that the trial court erred in admitting evidence against him, which was obtained in a search of his home four and one-half months after the crime with which he was charged. That evidence included a scale for weighing (such things as cocaine), a burnt spoon (which could be used in the process of manufacturing crack cocaine), empty syringes with cocaine residue in them, a piece of square plate glass and a mirror (for use in snorting cocaine), and marijuana. Blumhagen also challenged the admission of this evidence, and we resolved that issue in his case on the basis of invited error. *Blumhagen,* 11 P.3d at 895. That theory is not applicable to Hernandez.

[¶ 12] Hernandez contends this disputed evidence was evidence of other crimes, wrongs, or acts. *See* W.R.E. 404(b). The State contends that Rule 404(b) has nothing to do with the admissibility of this evidence and that the evidence was admissible for substantive reasons, such as showing a continuation of the criminal conspiracy or enterprise between Hernandez and Blumhagen and capacity to commit the crimes charged. Development of this issue at trial was incomplete due to the nature of the evidence in and of itself, as well as by questions as to its admissibility with respect to the two different defendants--given the fact that the evidence was most surely not "inextricably intertwined" with the crime with which Hernandez was charged. It may have had some marginal relevance to Blumhagen's conduct.

(Blumhagen made two additional deliveries to the confidential informant, including one from the searched residence on April 9, 1998, but he was not charged for either of the two later deliveries, and the trial court declined to admit them as Rule 404(b) evidence.) Neither Hernandez nor Blumhagen was charged with any crime arising from the search of their shared home. We are persuaded that in the context of this case, and as presented to the trial court at trial, the evidence was not admissible. 1 Christopher B. Mueller and Laird C. Kirkpatrick, Federal Evidence § 111 (2nd Ed. 1994). However, given the unqualified certainty of the evidence supporting Hernandez's conviction, we hold that, under the totality of the circumstances present in this case, the error was harmless. We discern no reasonable possibility that the verdict would have been any different absent the admission of the disputed evidence. *Solis v. State*, 981 P.2d 34, 37 (Wyo.1999).

[¶ 13] The judgment and sentence of the district court is affirmed.