2011 WY 164

**Rachelle L. EARLEY, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. S–11–0118.

Supreme Court of Wyoming.

Dec. 20, 2011.

**562**

Representing Appellant: Christopher G. Humphrey, Christopher G. Humphrey, P.C., Cheyenne, Wyoming.

Representing Appellee: Gregory A. Phillips, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Meri V. Geringer, Senior Assistant Attorney General. Argument by Ms. Geringer.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

VOIGT, Justice.

[¶ 1]   The appellant was acquitted of conspiracy to deliver a controlled substance, but convicted of accessory before the fact to delivery of a controlled substance. The former occurred via the granting of a defense motion for judgment of acquittal made at the close of the State's case, while the latter occurred via jury verdict. In this appeal, the appellant challenges the district court's joinder of her case with that of a co-defendant, she claims error in the district court's handling of issues concerning the cross-examination of a particular witness, and she questions the sufficiency of the evidence.[1]  Finding no error, we affirm.

## ISSUES

[¶ 2]   1.   Did the district court abuse its discretion in granting the State's motion to join appellant's case with that of her co-defendant?

2.   Did the district court abuse its discretion in limiting cross-examination of a witness, in admonishing the co-defendant's counsel in that regard, and in giving the jury a curative instruction?

3.   Was the verdict supported by sufficient evidence?

## FACTS

[¶ 3]   The essential facts of this case were very recently set forth in detail in *Garner v. State,* 2011 WY 156, ¶¶ 3–8, 264 P.3d 811, 814–16 (Wyo.2011), and we will not repeat them here at length. Suffice it to say that the appellant's co-defendant was charged

---

1.   The appellant mischaracterizes her first stated issue as whether the district court erred in denying her motion to sever her trial from that of her co-defendant. The record clearly indicates that she did not move for severance; rather, the State moved for joinder.

with one count of conspiracy to deliver a controlled substance, and two counts of delivery of a controlled substance. The appellant was charged with a similar conspiracy count, and with being an accessory before the fact to one of the controlled substance deliveries. *Id.* at ¶ 4, at 815. Like the appellant, her co-defendant moved for judgment of acquittal, which motion was granted as to the conspiracy charge. *Id.* at ¶ 8, at 816. The jury convicted the co-defendant of both deliveries. *Id.*

## DISCUSSION

### *Did the district court abuse its discretion in granting the State's motion to join appellant's case with that of her co-defendant?*

[¶ 4] W.R.Cr.P. 8(b), which governs the joinder of defendants, reads as follows:

(b) *Joinder of defendants.*—Two or more defendants may be charged in the same citation, indictment or information if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together, or separately, and all of the defendants need not be charged in each count.

[¶ 5] In turn, W.R.Cr.P. 13 provides that, where defendants could have been joined in one indictment, information, or citation, they may be tried jointly. Nearly forty years ago, we interpreted these rules as favoring joint trials "unless there are compelling reasons for separate trials." *Linn v. State*, 505 P.2d 1270, 1274 (Wyo.1973). We went on to say:

"Joint trials of persons charged together with committing the same offense or with being accessory to its commission are the rule, rather than the exception. There is a substantial public interest in this procedure. It expedites the administration of justice, reduces the congestion of trial dockets, conserves judicial time, lessens the burden upon citizens who must sacrifice both time and money to serve upon juries, and avoids the necessity of recalling

witnesses who would otherwise be called upon to testify only once."

*Id.* (quoting *Parker v. United States*, 404 F.2d 1193, 1196 (9th Cir.1968), *cert. denied*, 394 U.S. 1004, 89 S.Ct. 1602, 22 L.Ed.2d 782 (1969)).

[¶ 6] "The joinder of cases for trial is within the discretion of the district court, and we do not fault or adjust the trial court's ruling unless an abuse of discretion is clearly shown, together with prejudice resulting from that abuse of discretion." *Hernandez v. State*, 2001 WY 70, ¶ 8, 28 P.3d 17, 20 (Wyo.2001). The appellant has the burden of showing prejudice by the joinder. *Id.* Prejudice results from joinder if the defendant is deprived of a fair trial. *Mitchell v. State*, 982 P.2d 717, 723 (Wyo.1999). Severance, rather than joinder, is proper where the jury could not be expected to compartmentalize the evidence as it relates to separate defendants. *Lee v. State*, 653 P.2d 1388, 1390 (Wyo.1982).

[¶ 7] In the instant case, the State filed a motion to join the two cases for trial. The appellant filed a response in which she argued that any evidence introduced to prove any crime against Garner that went beyond the single incident with which she was charged "would be irrelevant, have no proper purpose, have no probative value regarding the charges against her, and be unduly prejudicial." The district court heard the motion on December 16, 2010, about a month before trial. After listening to the arguments of counsel, and conducting some independent research of its own, the district court orally concluded that joinder was appropriate, for several reasons: (1) the mere possibility of prejudice was not sufficient to defeat joinder; (2) the claim of a better chance of acquittal if tried separately was not sufficient to defeat joinder; (3) the evidence of the separate crimes was simple and distinct, thereby enabling the jury to compartmentalize the evidence as it applied to each crime; and (4) the evidence was such that a limiting instruction would suffice, rather than severance.[2] In a written order granting joinder filed shortly after the hearing, the district court empha-

---

2. The district court, in reviewing legal precedent, mentioned several other factors that courts may consider, but those other factors are not pertinent given the facts of this particular case.

sized the fact that the evidence related to the separate charges was sufficiently separate and distinct as to each that any potential prejudice could be addressed in jury instructions.

[¶ 8] In appealing this issue, the appellant relies upon the two-part test for appropriate joinder set forth by this Court in *Duke v. State*, 2004 WY 120, ¶ 43, 99 P.3d 928, 945 (Wyo.2004) (quoting *Dorador v. State*, 768 P.2d 1049, 1052 (Wyo.1989)):

> The first is whether the evidence relating to the similar offenses charged would be admissible in a separate trial of each offense. *Tabor* [*v. State* ], 616 P.2d [1282,] 1284 [ (Wyo.1980) ]. If the evidence would be admissible, there is no prejudice. If the evidence would not be admissible in separate trials, the trial court should then determine whether the evidence of each crime is "simple and distinct." *Drew v. United States*, 331 F.2d 85, 91 (D.C.Cir. 1964). Stated differently, the second consideration is whether the evidence relating to the separate offenses would be so complicated that the jury could not reasonably be expected to separate them and evaluate the evidence properly and individually on each separate charge. *Pote v. State*, 695 P.2d 617 (Wyo.1985).

[¶ 9] Applying this test, the appellant contends that she was prejudiced because much of the evidence presented by the State related only to a separate transaction involving her co-defendant, but not involving her, and to the broader conspiracy alleged against the co-defendant. While we agree with the appellant that much of the evidence admitted at trial would not have been admissible against her in a separate trial, we do not agree with her that admission of this evidence prejudiced her. The district court was correct that the evidence was clearly separable and distinct as it related to the two defendants, that the jury was properly instructed to consider the evidence of each crime separately, and that the jury readily could compartmentalize the evidence in that regard.

[¶ 10] All of the evidence pertaining to the first controlled substance delivery was relevant and admissible to prove the appellant was an accessory before the fact to that crime, but was also relevant and admissible to the conspiracy charge. The evidence related to the second controlled substance delivery, as well as the evidence of the co-defendant's participation in other deliveries or attempted deliveries, was relevant and admissible to the conspiracy charge against the appellant. To the extent that any of that evidence did not implicate the appellant, it was readily separable by the jury as being evidence only against the co-defendant. For instance, it was apparent from the evidence, and the State did not try to argue otherwise, that the appellant was not involved in the text messaging that set up the second delivery, nor was she involved in the delivery, itself, which was a "controlled buy" involving the Division of Criminal Investigation and a confidential informant. This case is quite similar to *Hernandez v. State*, 2001 WY 70, ¶ 8, 28 P.3d 17, 19–20 (Wyo.2001), where we found joinder appropriate, even though Hernandez was charged with only one count of unlawful delivery of a controlled substance, while his co-defendant was charged with three such counts.

[¶ 11] We assume that juries follow the court's instructions. *Marquez v. State*, 12 P.3d 711, 717 (Wyo.2000); *Burke v. State*, 746 P.2d 852, 857 (Wyo.1987). In the instant case, the jury was given Instruction No. 13, which reads as follows:

> There are two defendants in this case. Each count of each Information in this case charges a crime against one of the defendants. Each count, and any evidence pertaining to it, must be considered separately by the jury. You must give separate and individual consideration to each charge against each defendant. The fact that you find one of the defendants guilty or not guilty of one of the crimes charged must not control your verdict as to any other crime charged against that defendant or against the other defendant.

[¶ 12] In addition, the three separate elements instructions clearly indicated that the co-defendant was charged with two unlawful deliveries, one on June 5, 2009, and one on June 12, 2009, but that the appellant was charged only with accessory before the fact to the unlawful delivery on June 5, 2009.

Under these circumstances, we cannot say that the district court abused its discretion in granting the State's motion for joinder.

### Did the district court abuse its discretion in limiting cross-examination of a witness, in admonishing the co-defendant's counsel in that regard, and in giving the jury a curative instruction?

[¶ 13] We examined this precise issue in detail in *Garner*, 2011 WY 156, ¶¶ 6–18, 264 P.3d at 815–20, where we concluded that the district court had not abused its discretion in limiting cross-examination, in admonishing counsel, or in giving the curative instruction.[3] Nothing in the appellant's current argument convinces us that we were wrong in *Garner*, so we will once again affirm the district court on this issue.

### Was the verdict supported by sufficient evidence?

[¶ 14] We will apply the following standard of review:

When reviewing a sufficiency of the evidence claim in a criminal case, we must determine whether a rational trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt. We do not consider conflicting evidence presented by the unsuccessful party, and afford every favorable inference which may be reasonably and fairly drawn from the successful party's evidence. We have consistently held that it is the jury's responsibility to resolve conflicts in the evidence. We will not substitute our judgment for that of the jury [and] our only duty is to determine whether a quorum of reasonable and rational individuals would, or even could, have come to the same result as the jury actually did.

*Breazeale v. State*, 2011 WY 10, ¶ 13, 245 P.3d 834, 839 (Wyo.2011) (quoting *Masias v. State*, 2010 WY 81, ¶ 8, 233 P.3d 944, 947 (Wyo.2010)).

[¶ 15] The appellant was charged with being an accessory before the fact to the unlawful delivery of a controlled substance, methamphetamine. The elements of that crime are formed from a combination of the elements of Wyo. Stat. Ann. § 6–1–201(a) (LexisNexis 2011) and Wyo. Stat. Ann. § 35–7–1031(a) (LexisNexis 2011). The district court instructed the jury as to the elements of being an accessory before the fact, as charged in this case, in Instruction No. 16, which reads in pertinent part as follows:

1. On or about the 5th day of June, 2009;

2. In Uinta County, Wyoming;

3. The Defendant, RACHELLE L. EARLEY;

4. Knowingly aided Mark J. Garner in the commission of the crime of delivery of a controlled substance, Methamphetamine.

. . . .

In turn, "delivery of a controlled substance" was defined for the jury in Instruction No. 17:

Wyoming Statute provides:

"Deliver" or "delivery" means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship.

Methamphetamine is a controlled substance.

[¶ 16] "We have identified the basic elements of the crime of accessory before the fact as being (1) someone committed the underlying felony; and (2) the defendant participated in that crime." *Yellowbear v. State*, 2008 WY 4, ¶ 54, 174 P.3d 1270, 1291 (Wyo.2008) (citing *Hawkes v. State*, 626 P.2d 1041, 1044 (Wyo. 1981)). Consistent with that description of the crime, the district court instructed the jury as follows in Instruction No. 18:

It is not necessary that the defendant, Rachelle L. Earley, personally did every act necessary to constitute the crime of delivery of a controlled substance, Methamphetamine. It is enough if, acting with intention that the crime be committed, she knowingly aided someone else to commit the crime of Delivery of Methamphetamine.

---

3. Briefly stated, the difficulty arose when counsel for the co-defendant attempted to question the confidential informant about the involvement of her sixteen-year-old son in controlled substance deliveries.

[¶ 17] The jury also received Instruction No. 19:

> Merely being present at the scene of a crime or merely knowing that a crime is being committed or is about to be committed is not sufficient conduct for the jury to find that the defendant was an accessory before the fact to that crime. The State must prove that the defendant knowingly associated herself with the crime in some way as a participant—someone who wanted the crime to be committed—and not as a mere spectator.

[¶ 18] In her brief, the appellant constructs the following story from the evidence adduced at trial: Through telephone calls and text messages, the confidential informant (the C.I.) arranged to buy methamphetamine from Mark Garner at the appellant's house. When the C.I. arrived, the appellant was sitting on a bed while Garner and R.D., the man who had answered the door when the C.I. arrived, searched the floor for the methamphetamine. The appellant was not aiding in the search, but at some point she "found" the methamphetamine on her person and handed it to Garner, who sold it to the C.I. The appellant contends that there was no evidence that she gave the drugs to Garner knowing he intended to sell them to the C.I., so she should not have been found guilty of knowingly aiding in the delivery. She bolsters this conclusion by referring to the testimony of R.D., who said that he did not hear Garner and the appellant discuss the sale before the C.I. arrived. In short, it is the appellant's position that her mere presence at the scene of the crime was not sufficient evidence to support her conviction.

[¶ 19] In rebutting this argument, the State focuses on portions of the evidence from which the jury reasonably could have inferred the guilty knowledge necessary for conviction. To begin with, the text messages used to set up the delivery were sent by Garner on a cell phone he shared with the appellant. The delivery took place at the appellant's house, in the appellant's presence. While Garner and R.D. searched for the "missing" methamphetamine, the appellant took it from her pocket and hid it in her brassiere, indicating to the C.I. at the same time not to tell the men she had the drugs.[4] The appellant then told Garner she had "found it," and handed the drugs to Garner, who immediately used a nearby set of scales to weigh out a portion of the drugs and sell it to the C.I. Beyond those physical facts, the C.I. testified that, upon arriving at the house, she told the appellant she was there "getting meth for my sister."

[¶ 20] The appellant's primary contention is that she successfully challenged the C.I.'s credibility, especially in regard to the focal question of whether the appellant knew the C.I. was there to buy drugs from Garner. During cross examination, defense counsel did, indeed, get the C.I. to contradict herself to some degree on this point:

Q. Okay. You'd never bought drugs there at the house before, had you?

A. No.

Q. Okay. So just the fact of you being there, [the appellant] would have no reason to think you were there to buy drugs?

A. That's correct.

[¶ 21] We will affirm the appellant's conviction on this evidentiary issue because to do otherwise would turn the applicable standard of review on its head. We do not reverse simply because there is conflicting evidence in the record. Rather, we affirm if there is evidence in the record supporting those inferences that the jury reasonably may have made. It is absolutely clear from the testimony that the appellant knew that Garner and R.D. were frantically searching for the methamphetamine she had hidden on her person, and it can be reasonably inferred from all the evidence, beyond a reasonable doubt, that she knew why they were looking for it. By handing the drugs to Garner when she did, she knowingly aided the sale of them to the C.I.

## CONCLUSION

[¶ 22] The district court did not abuse its discretion in joining the appellant's case with that of her co-defendant. Neither did it

---

4. The record does little to explain this brief charade other than to suggest that the appellant may have been hiding the methamphetamine because she and Garner had "had a fight."

abuse its discretion in the way it handled defense counsel's attempt to question the C.I. about the involvement of her son in drug transactions. Finally, the State presented sufficient evidence from which a reasonable jury could infer beyond a reasonable doubt that the appellant knowingly aided Garner in the unlawful delivery of methamphetamine.

[¶ 23]   Affirmed.