**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Floyd M. JOHNSON, Defendant–Appellant.**

**No. 86CA0776.**

Colorado Court of Appeals, Div. I.

Dec. 10, 1987.

Rehearing Denied Dec. 31, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cynthia D. Jones, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Rowe P. Stayton, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant, Floyd M. Johnson, appeals the judgment of conviction entered following a jury verdict of guilty of attempted first degree murder. He contends that the evidence was insufficient to sustain a verdict of guilty, and that the trial court erred in denying his tendered instruction on the affirmative defense of abandonment or renunciation. We reverse.

The evidence established that, following a fight with a friend outside a bar where the two had been drinking, defendant walked a mile to his house, retrieved his .22 rifle and ten cartridges, walked back to the bar, and crawled under a pickup truck across the street to wait for the friend. Defendant testified that he, at first, intended to shoot the friend to "pay him back" for the beating he had received in their earlier altercation.

When the owner of the pickup arrived, defendant obtained his keys, instructed him to sit in the pickup, and gave him one or more bottles of beer. Defendant then crawled back under the pickup to resume his wait for his friend. The police were alerted by a passerby and arrested defendant before his friend emerged from the bar. There was also testimony that while he was lying under the pickup truck, defendant sobered up somewhat and began to think through his predicament. He testified that he changed his mind and removed the shells from the rifle, placing them in his pocket. By that time there were two

persons in the pickup truck, and he began a discussion with them, telling them his name and address and inviting them to his residence to have a party. The three of them were still there drinking and conversing when the police arrived, at which time the rifle was found to be unloaded and the shells were still in the defendant's pocket.

## I

■ Defendant contends that while his intent may have been to shoot his friend, no evidence was presented to show that his intent was to cause the friend's death. Absent a showing of intent to kill, he argues, the evidence is insufficient to sustain a conviction of attempted first degree murder. Based on the facts presented, we disagree.

In ruling on defendant's motion for judgment of acquittal at the close of the prosecution's case, the trial court correctly applied the standard set out in *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973). Viewing the evidence in the light most favorable to the prosecution, the court concluded that the defendant's possession of a working rifle and live ammunition and his statements that he intended to shoot the victim were sufficient to submit the case to the jury. We find no error in the trial court's denial of this motion.

## II

Defendant also contends that the trial court erred when it refused his tendered instruction on the affirmative defense of abandonment or renunciation. We agree.

■ In general an instruction on defendant's theory of the case must be given if there is any evidence in the record to support it. *People v. Griego,* 183 Colo. 419, 517 P.2d 460 (1973).

■ Under the circumstances in this case, there was sufficient evidence to warrant an instruction on the affirmative defense of abandonment or renunciation. *Cf. People v. Marquez,* 692 P.2d 1089 (Colo. 1984). Had the tendered instruction been given and the defendant's testimony and other evidence been accepted by the jury, the outcome of this trial could well have been otherwise.

The judgment is reversed and the cause is remanded for a new trial.

METZGER and CRISWELL, JJ., concur.