**Raymond A. COMPTON, Appellant (Defendant),**

**v.**

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 95–57.

Supreme Court of Wyoming.

Jan. 7, 1997.

Michael N. "Nick" Deegan, Gillette, for appellant.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Sr. Assistant Attorney General, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR* and LEHMAN, JJ.

GOLDEN, Justice.

Appellant Raymond A. Compton appeals his conviction for attempted first-degree sexual assault following a jury trial on grounds the jury was improperly instructed and he contends his trial counsel provided him with ineffective assistance of counsel by failing to object to the jury instructions given.

We affirm.

## ISSUES

Compton identifies the following issues:

1. Whether or not the trial court committed plain error in failing to instruct the jury on the law of attempt, the elements of the crime attempted and the elements of attempt as charged.

2. Whether or not the trial court committed plain error in failing to instruct the jury on "specific intent".

3. Whether or not the trial court committed plain error in failing to define "substantial step" for the jury.

4. Whether or not the trial court committed plain error in instructing the jury that it could find the defendant guilty if the presumption of innocence was "overcome by the evidence" rather than instructing the jury that "proof beyond a reasonable doubt" on each element was required to overcome the presumption.

5. Whether or not the trial court committed plain error in failing to instruct the jury on attempted sexual assault in the fourth degree as a lesser included offense of attempted sexual assault in the first degree.

6. Whether or not defense counsel rendered ineffective assistance of counsel in failing to object to the instructional errors and omissions recited in # 1 through # 5 above.

The State rephrases the issues as:

I. Whether the district court properly instructed the jury with respect to the charge of attempted first degree sexual assault?

II. Whether the district court properly instructed the jury on the state's burden of proof and the standard of proof applicable to criminal cases?

III. Whether the district court's failure to sua sponte offer a lesser included offense instruction on attempted fourth degree sexual assault amounted to plain error?

IV. Whether appellant's trial counsel was ineffective in failing to object to the instructional errors and omissions alleged in appellant's first five enumerated appellate arguments?

## FACTS

Around 3:00 a.m., Saturday, March 19, 1994, the victim was awakened by a partially undressed assailant attempting to penetrate her with his partially erect penis. Unsuccessful, the intruder left the house. The victim recognized him as Compton and reported the attack to sheriff's deputies, who arrested Compton at his house. Compton was overheard telling his girlfriend that the arrest concerned the "[the victim's last name] lady" and, as he was transported to jail, he volunteered that the victim was "coming on to him." Compton stood trial for burglary and attempted first degree sexual assault. His defense was consent, contending that the victim had invited him to her home and initiated the sexual activity. The district court rejected the proposed jury instructions submitted by the State and Compton and proposed its own jury instructions. The defense did not object to the court's jury instructions. A jury acquitted him on the burglary charge but convicted him of attempted first degree sexual assault. This appeal followed.

## DISCUSSION

*Standard of Review*

■■■ No objections were lodged against the jury instructions at trial and plain error analysis applies. *Miller v. State*, 904 P.2d

* Chief Justice effective July 1, 1996.

344, 347 (Wyo.1995). To demonstrate plain error, Compton must show that the record clearly shows an error that transgressed a clear and unequivocal rule of law which adversely affected a substantial right. *Id.* at 348.

*Jury Instructions on the Crime of Attempt*

 The jury convicted Compton of one count of attempted first degree sexual assault. The crime of first degree sexual assault is defined in the statute as:

(a) Any actor who inflicts sexual intrusion on a victim commits a sexual assault in the first degree if:

\* \* \*

(iii) The victim is physically helpless, and the actor knows or reasonably should know that the victim is physically helpless and that the victim has not consented....

WYO.STAT. § 6–2–302(a)(iii) (1988).

The crime of attempt is described in the statutes as:

(a) A person is guilty of an attempt to commit a crime if:

(i) With the intent to commit the crime, he does any act which is a substantial step towards commission of the crime. A "substantial step" is conduct which is strongly corroborative of the firmness of the person's intention to complete the commission of the crime....

WYO.STAT. § 6–1–301(a)(i) (1988).

The jury instructions given by the court on the charge of attempted first degree sexual assault in this case were:

Instruction No. 5

The necessary elements of the crime of attempted sexual assault in the first degree are:

1. The acts occurred within the County of Crook in the State of Wyoming on or about March 19, 1994; and

2. Raymond Compton attempted to inflict sexual intrusion on [the victim]; and

3. With the intent to commit sexual intrusion on [the victim], Raymond Compton, did an act·which was a substantial step towards the infliction of sexual intrusion on her; and

4. At the time [the victim] was physically helpless and Raymond Compton knew, or should reasonably have known, that she was physically helpless and had not consented....

\* \* \* \*

Instruction No. 6

"Sexual penetration" means sexual intercourse, cunnilingus, fellatio, analingus or anal intercourse with or without emission.

Instruction No. 7

"Physically helpless" means unconscious, asleep or otherwise physically unable to communicate unwillingness to act.

Instruction No. 8

The defendant contends that [the victim] consented to sexual contact. The defense of consent involves two separate elements:

1. [The victim] voluntarily consented to sexual contact by word or conduct; and

2. [The victim] had the present ability to consent or the defendant could not reasonably have known that she lacked the present ability to consent.

The State must prove beyond a reasonable doubt that [the victim] did not consent to intercourse with the defendant.

Compton contends that it was error to combine the elements of the first degree sexual assault and attempt into one jury instruction instead of separately setting out the elements of the two crimes in two different instructions and he contends that it was error for part three of Instruction No. 5 to state "with the intent to inflict sexual intrusion," claiming it should have stated "with the specific intent to commit first degree sexual assault."

 Jury instructions should inform the jury about the applicable law so that the jury may apply that law to its own findings with respect to the material facts. *Miller*, 904 P.2d at 348. Jury instructions are to be written with the particular facts and theories of each case in mind and may differ from

case to case since any one of several instructions may be legally correct. *Id.* A failure to give any instruction on an essential element of a criminal offense is fundamental error, as is a confusing or misleading instruction, requiring reversal of the defendant's conviction. *Id.* The test whether the jury has been instructed on the necessary elements of the crime charged is whether the instruction leaves no doubt as to under what circumstances the crime can be found to have been committed. *Id.*

In this case, Instruction No. 5 was based upon evidence that Compton partially undressed, climbed into bed with a sleeping victim, and attempted to force penetration. The essential elements of first degree sexual assault for these facts are an intent to inflict sexual intrusion with a physically helpless victim. Instruction No. 5 stated those elements. Wyoming does not require particular words be used to properly instruct on the specific intent element of the crime of attempt. The crime of attempt consists of:

(1) an intent to do an act or to bring about certain consequences which would in law amount to a crime; and

(2) an act in furtherance of that intent which, as it is most commonly put, goes beyond mere preparation.... The primary purpose in punishing attempts is not to deter the commission of completed crimes, but rather to subject to corrective action those individuals who have sufficiently manifested their dangerousness.

*People v. Frysig,* 628 P.2d 1004, 1007 (Colo. 1981) (citing *W. La Fave and A. Scott, Jr., Handbook on Criminal Law,* § 59 at 423 (1972)). The Colorado Supreme Court recognized that when the court stated that an "intent to commit the underlying offense is an essential element of criminal attempt," it used that language as convenient shorthand for "the intent to perform acts which, if completed, would constitute the underlying offense." *Id.* at 1007 n. 4. Noting that "it is the intent to do certain proscribed acts or to bring about a certain proscribed result, rather than an intent to engage in criminality, which is required," the court explained this intent is required because it is this purpose to cause harmful consequences by performing those acts necessary to accomplish a completed crime which forms an important part of the rationale for making attempt criminally punishable. *Id.* at 1007–08.

The facts and the charges of this case did not require the court to identify this intent as "specific" or restate the name of the crime, but required the court to adequately instruct the jury that it should determine whether Compton was guilty of attempt because his purpose was to cause harmful consequences. The instruction adequately accomplished this requirement. *Frysig,* 628 P.2d at 1008; *see Dorador v. State,* 573 P.2d 839, 843 (Wyo. 1978). Combining the elements of these two crimes was not error in this case because the instruction left no doubt as to under what circumstances the crime could be found to have been committed in this case. *Miller,* 904 P.2d at 348.

Compton next claims it is constitutional error not to have separately instructed the jury that intent and a substantial step are elements of an attempt to commit a crime. The principles of law articulated above apply to this contention as well. Instruction No. 5 set out these two elements of the crime of attempt in an accurate, understandable manner, and was not confusing or misleading. A separate instruction does not add information, clarify, or serve any purpose left unserved for the facts of this case and we find no error.

*Instructions on Specific Intent Definition*

At Compton's trial, the court instructed the jury on the definition of intent by using the instruction for general intent in the Wyoming Pattern Jury Instructions—Criminal (1978) (WJICR) but did not entitle it as general intent. The WJICR also contain an instruction defining specific intent and, despite the fact that burglary and attempt to commit a crime are both specific intent crimes, this instruction was not given. In a separate argument, Compton claims it was plain error not to instruct the jury on the definition of specific intent. In his view, the failure to separately instruct the jury on the precise mental state that is an element of the offense fails to uphold the rule of law that a jury must be instructed on all elements of a

crime. *Seeley v. State,* 715 P.2d 232 (Wyo. 1986), held that specific intent is an element of the crime of attempted sexual assault whereas first degree sexual assault is a general intent crime. *Seeley,* 715 P.2d at 239. Compton asserts *Dorador v. State,* 573 P.2d 839 (Wyo.1978), held that a specific intent instruction was required. *Dorador,* 573 P.2d at 843. *Dorador* requires an "element" instruction, i.e., that the court instruct a jury that the jury must determine whether the accused intended to do some further act or attain some additional consequence. *Dorador,* 573 P.2d at 843. *Dorador* does not hold that a "definition instruction" on specific intent is required. *Id.*

Compton's brief provides a helpful discussion on the trend in the law to dispense with instructions explaining the difficult concepts of specific and general intent because of their vagueness and general failure to enlighten juries. *See United States v. Dougherty,* 763 F.2d 970, 974 (8th Cir.1985) (citing *United States v. Bailey,* 444 U.S. 394, 400–409, 100 S.Ct. 624, 629–36, 62 L.Ed.2d 575 (1980)). It is his point, however, that whatever form an instruction takes, it is imperative that the trial court separately instruct the jury on the proper mental state the accused must have had in order to have committed the crime because the mens rea element has a technical meaning which must be defined for the jury by way of instruction. In our view, it is more important that the jury understand what exactly they had to determine.

Determining the specific intent element of attempt serves the purpose of separating criminality from otherwise innocuous behavior. *Bailey,* 444 U.S. at 405, 100 S.Ct. at 632. The crime of attempt in this case required the court to instruct the jury to determine if Compton had the intent to perform acts and attain a result which, if accomplished, would constitute the crime of first degree sexual assault and that he acted on that intent but was unsuccessful in completing the crime. Instruction No. 5 specifically and precisely and in an understandable manner properly instructs on the specific intent element of attempt. Compton's point that instructing on the difficult concept of intent is a challenging necessity requiring care and thought

by a trial court is well taken; however, in this case, we believe the trial court exercised care and thought. That court's use of the general intent instruction was not error as the crime of attempt requires it. "Except for the intentional conduct constituting the substantial step, the requisite culpability is that provided for in the definition of the offense." *Frysig,* 628 P.2d at 1008. *Seeley* held that first degree sexual assault is a general intent crime. *Seeley,* 715 P.2d at 239.

*Failure To Instruct on Definition of "Substantial Step"*

▇▇▇▇ Compton next contends it was plain error not to provide the jury with the statutory definition of substantial step. Failure to instruct properly on an element of a crime can be plain error. *Miller,* 904 P.2d at 349; *Vigil v. State,* 859 P.2d 659, 662 (Wyo. 1993). A court need not give an instruction defining a term unless it has a technical legal meaning so different from its ordinary meaning that the jury, without further explanation, would misunderstand its import in relation to the factual circumstances. *Cardenas v. State,* 811 P.2d 989, 996 (Wyo.1991). Prejudicial error must be demonstrated by appellant and prejudice will not be demonstrated unless the instruction confused or misled the jury with respect to the proper principles of law. *Collins v. State,* 854 P.2d 688, 700 (Wyo.1993); *Lowseth v. State,* 875 P.2d 725, 729 (Wyo.1994). Failure to instruct properly on an element of a crime does not constitute plain error where that element is not contested at trial or where evidence of the defendant's guilt is overwhelming. *Miller,* 904 P.2d at 349.

The failure to provide the statutory definition of substantial step was error, but Compton does not demonstrate that the lack of the definition was plain error. The State's proof showed that Compton attempted to force penetration on his sleeping victim. That the jury was not told that a substantial step is "conduct which is strongly corroborative of the firmness of the person's intention to complete the commission of the crime" is not prejudicial in light of the facts.

*Burden of Proof Instruction*

 In its instruction on presumption of innocence, the court instructed the jury that "[o]nly if the presumption has been overcome by the evidence may a defendant be found guilty." Compton claims the failure to further instruct that the presumption can be overcome only by "proof beyond a reasonable doubt" confused and misled the jury and is plain error. The instructions setting out the elements of burglary and attempted sexual assault both instructed that each element must be proved beyond a reasonable doubt before finding the defendant guilty. As the proper standard of proof was set out for the jury and no other conflicting standard was articulated, we find no evidence to support the contention that the instruction was confusing or misleading.

*Failure to Offer A Lesser Included Offense Instruction on Attempted Fourth Degree Sexual Assault*

 Compton contends it was plain error not to instruct the jury on attempted fourth degree sexual assault as a lesser included offense to attempted first degree sexual assault. We have previously held that the sexual contact offense described in fourth degree sexual assault is not a lesser included offense of the sexual intrusion offense described in first degree sexual assault. *Driskill v. State,* 761 P.2d 980, 981–82 (Wyo. 1988); *see Jackson v. State,* 891 P.2d 70, 73–74 (Wyo.1995). There was no error.

*Ineffective Assistance of Counsel*

 Compton's claim that his defense counsel at trial was ineffective is based upon the issues of error he presented in this appeal. To establish the prejudice necessary to a claim that counsel was constitutionally ineffective, a defendant must show that, but for counsel's deficiency, the outcome of the trial would have been more favorable. *Arner v. State,* 872 P.2d 100, 106 (Wyo.1994). Compton was not prejudiced by the one error we found to have been made regarding jury instructions. Having found no other error, Compton has not demonstrated a likelihood that the verdict would have been more favorable to him had his trial counsel challenged the jury instructions.

Affirmed.