2010 WY 74

David **GENTILINI**, Appellant (Defendant),

v.

The **STATE of Wyoming**, Appellee (Plaintiff).

No. S–09–0078.

Supreme Court of Wyoming.

June 3, 2010.

---

Representing Appellant: Diane M. Lozano, State Public Defender; Tina N. Kerin, Appellate Counsel; David E. Westling, Senior Assistant Appellate Counsel. Argument by Mr. Westling.

Representing Appellee: Bruce A. Salzburg, Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Graham Smith, Assistant Attorney General. Argument by Mr. Smith.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

BURKE, Justice.

[¶ 1] Appellant, David Gentilini, challenges his conviction of attempted first degree murder in violation of Wyo. Stat. Ann. §§ 6–2–101(a) and 6–1–301 (LexisNexis 2007). He contends the district court erred when it denied his motion for a judgment of acquittal. He also asserts that the jury instruction specifying the elements of attempted first degree murder was erroneous. We find no error and affirm.

### ISSUES

[¶ 2] Mr. Gentilini presents two issues:

1. Did the district court err in denying Mr. Gentilini's motion for judgment of acquittal on the charge of attempted first degree murder?

2. Did the district court commit plain error in instructing the jury on the elements of attempted first degree murder?

### FACTS

[¶ 3] David Gentilini and his girlfriend had a loud argument at her Worland apartment building. Mr. Ellsworth, a carpenter working in the building, intervened and asked them to stop. Mr. Gentilini and Mr. Ellsworth had a brief but heated dispute. The apartment manager persuaded Mr. Gentilini to leave without further incident.

[¶ 4] The next day, Mr. Ellsworth resumed his work at the apartment complex. That afternoon, he went to his truck to retrieve some tools and saw Mr. Gentilini in the parking lot. Mr. Gentilini began shouting and asked Mr. Ellsworth if he wanted to fight. Concerned for his safety, Mr. Ellsworth grabbed a hammer holder and put it in his back pocket.[1] The two continued to exchange words. Mr. Gentilini lunged at Mr. Ellsworth who responded by punching Mr. Gentilini several times and hitting him with the hammer holder. Mr. Gentilini then got in his car and said "I'll just run you over." He drove his car toward Mr. Ellsworth twice. Both times Mr. Ellsworth was able to evade contact. Mr. Gentilini then told Mr. Ellsworth he would go get his gun and drove away.

[¶ 5] Mr. Ellsworth contacted law enforcement. After arriving on the scene, the police and Mr. Ellsworth discussed the incident in the apartment complex parking lot. During this discussion, Mr. Ellsworth identified Mr. Gentilini's car driving on an adjacent street. The vehicle stopped abruptly, turned around, and headed in the opposite direction. The officers pursued and stopped the vehicle. They discovered Mr. Gentilini in the car and a loaded semi-automatic .22 caliber rifle on the floorboard.

[¶ 6] Mr. Gentilini was arrested. During processing, he told the booking officer: "I lost it, I went home, got my gun, and came back to kill him." He was charged with aggravated assault and battery in violation of Wyo. Stat. Ann. § 6–2–502(a)(ii) and attempted first degree murder in violation of Wyo. Stat. Ann. §§ 6–2–101(a) and 6–1–301. A jury found Mr. Gentilini guilty of both crimes. He challenges only his conviction of attempted first degree murder.

---

1. The hammer holder was described as hard, made of leather, and about 16 inches long. It was not holding a hammer at the time of the incident.

## Motion for Judgment of Acquittal

[¶ 7] In his first issue, Mr. Gentilini contends the district court erred in denying his motion for judgment of acquittal on the charge of attempted first degree murder. Motions for judgment of acquittal are governed by W.R.Cr.P. 29, which provides, in pertinent part:

(a) *At close of evidence.*—Motions for directed verdict are abolished and motions for judgment of acquittal shall be used in their place. The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment, information or citation after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses. If a defendant's motion for judgment of acquittal at the close of the evidence offered by the state is not granted, the defendant may offer evidence without having reserved the right.

When reviewing for sufficiency of the evidence in the context of a motion for judgment of acquittal, we examine and accept as true the State's evidence, together with all reasonable inferences. *Mattern v. State,* 2007 WY 24, ¶ 28, 151 P.3d 1116, 1128 (Wyo. 2007). "A motion for judgment of acquittal is to be granted only when the evidence is such that a reasonable juror must have a reasonable doubt as to the existence of any of the essential elements of the crime." *Butcher v. State,* 2005 WY 146, ¶ 11, 123 P.3d 543, 548 (Wyo.2005).

[¶ 8] In his motion for judgment of acquittal, made at the close of the State's case in chief, Mr. Gentilini contended that the State had not presented sufficient evidence of a "substantial step" as required by Wyo. Stat. Ann. § 6–1–301, which provides:

(a) A person is guilty of an attempt to commit a crime if:

(i) With the intent to commit the crime, he does any act which is a substantial step towards commission of the crime. A "substantial step" is conduct which is strongly corroborative of the firmness of the person's intention to complete the commission of the crime[.]

Mr. Gentilini maintains that the evidence at that stage of the proceeding was insufficient to prove he engaged in conduct "strongly corroborative" of his intent to complete the crime of first degree murder.[2] First degree murder is defined by Wyo. Stat. Ann. § 6–2–101(a), which provides: "Whoever purposely and with premeditated malice ... kills any human being is guilty of murder in the first degree."

[¶ 9] Mr. Gentilini seeks support for his position from other cases where this Court has found sufficient evidence of a "substantial step." He contends the evidence in this case is not as strong as in those cases. To some extent he is correct. In *Reilly v. State,* 2002 WY 156, 55 P.3d 1259 (Wyo.2002), the defendant shot at the victim several times. In *Guy v. State,* 2008 WY 56, 184 P.3d 687 (Wyo.2008), the victim was stabbed. In *Cohen v. State,* 2008 WY 78, 191 P.3d 956 (Wyo.2008), the defendant, in the presence of an officer, pulled a gun from the waistband of his pants.

[¶ 10] These cases, however, are of limited value to the inquiry we must undertake here. The question of whether a defendant has engaged in a substantial step toward the commission of a crime is intensively fact specific. *Cohen,* ¶ 18, 191 P.3d at 960. "The authorities agree that it is impossible to formulate a general rule or definition of what constitutes an attempt (to murder), which may be applied as a test in all cases." Jeffrey F. Ghent, Annotation, *What Constitutes Attempted Murder,* 54 A.L.R.3d 612, § 2(a) (1973). We must determine the sufficiency of the evidence of a substantial step based on the individual facts and circumstances presented in this case.

[¶ 11] We have described a substantial step as an act in furtherance of the intent to

2. In this appeal, Mr. Gentilini does not contend that there was insufficient evidence to support the jury's verdict.

commit a crime "which, as it is most commonly put, goes beyond mere preparation." *Compton v. State*, 931 P.2d 936, 940 (Wyo. 1997).

> The "substantial step" necessary for a conviction of an attempt to commit a crime must be behavior of such a nature that a reasonable observer viewing it in context would conclude beyond a reasonable doubt that it was undertaken in accordance with a design to violate a criminal statute.
>
> The "substantial step" required to establish an attempt may be as much as, or less than, the actual commission of the attempted crime, but it must be of an unequivocal nature and strongly corroborative of the accused's alleged criminal purpose.

22 C.J.S. *Criminal Law* § 157 (2009) (footnotes omitted). "The line between preparation and attempt ... must at best depend largely upon the particular circumstances of each case—the seriousness of the crime attempted, and the danger to be apprehended from the defendant's conduct." Francis B. Sayre, *Criminal Attempts*, 41 Harv. L.Rev. 821, 845 (1928).

[¶ 12] Mr. Gentilini attempts to limit the evidence of the substantial step to "the mere possession of the gun," and maintains that his "conduct was simply driving on a public street (not a crime) and possessing a .22 rifle (also not a crime) so there [was] no strong corroboration of a premeditated intent to kill Mr. Ellsworth." He also asserts that his actions did not move beyond mere preparation because he "never pointed, brandished or even showed [the gun] to Mr. Ellsworth." He maintains that his actions were too far removed from the requisite act of killing any human being, and that Mr. Ellsworth was unaware that Mr. Gentilini intended to kill him with the loaded rifle. Essentially, Mr. Gentilini asks us to ignore other evidence that provides context to his possession of the weapon. In determining whether denial of

the motion for judgment of acquittal was erroneous, we must consider that evidence.

[¶ 13] The facts reviewed in the light most favorable to the State establish that Mr. Gentilini and Mr. Ellsworth engaged in a verbal and physical altercation. Mr. Gentilini unsuccessfully tried to hit Mr. Ellsworth with his car. He then cursed and told Mr. Ellsworth that he was going to get his gun. He went to his house, retrieved the loaded weapon, and was returning to the scene of the altercation when he spotted law enforcement. Most damning to Mr. Gentilini's position was his statement to the police that "I lost it, I went home, got my gun, and came back to kill him." This unequivocal statement of intent to kill is relevant in evaluating whether the conduct at issue satisfies the substantial step requirement. "[W]hen the intent to commit murder is clearly shown, slight acts in furtherance thereof will constitute an attempt to murder." 54 A.L.R.3d 612. *See also People v. Dillon*, 34 Cal.3d 441, 194 Cal.Rptr. 390, 668 P.2d 697, 703 (1983) ("[T]he plainer the intent to commit the offense, the more likely that steps in the early stages of the commission of the crime will satisfy the overt act requirement."), *abrogated on other grounds by People v. Chun*, 45 Cal.4th 1172, 91 Cal.Rptr.3d 106, 203 P.3d 425 (2009).

[¶ 14] The nature and capability for injury of the weapon possessed by Mr. Gentilini is also relevant. *Collier v. State*, 846 N.E.2d 340, 349 (Ind.App.2006) ("[A] defendant with a gun is objectively more dangerous from a few hundred feet away than a defendant with a knife or a vehicle."). Given Mr. Gentilini's stated intention to kill Mr. Ellsworth, a reasonable juror could conclude that he retrieved the loaded gun as a necessary step toward completing his plan, and that the presence of law enforcement at the apartment complex prevented him from executing the final act.[3] *See United States v. Vaught*,

---

**3.** The jury was instructed that it must return a verdict of not guilty if it found that Mr. Gentilini voluntarily and completely renounced his criminal intention. The guilty verdict indicates that

the jury concluded that Mr. Gentilini did not abandon his plan to kill Mr. Ellsworth of his own accord but only because of the presence of police

133 Fed.Appx. 229, 233–34 (6th Cir.2005) (defendant's actions of threatening to kill the victim and driving to her house with a loaded gun were sufficient to comprise a substantial step even though police stopped him before he got out of the car) and *People v. Johnson,* 750 P.2d 72, 73 (Colo.Ct.App.1987) (defendant's possession of a working rifle and live ammunition, near the victim's location, and his statements that he intended to shoot the victim comprised sufficient evidence to submit the case to the jury).

[¶ 15] A district court may only grant a motion for judgment of acquittal when the evidence is such that a reasonable juror must have a reasonable doubt as to the existence of any of the essential elements of the crime. *Wise v. State,* 654 P.2d 116, 117 (Wyo.1982). Taken as a whole, a jury could conclude that the acts that Mr. Gentilini completed before being apprehended by the police constituted a "substantial step" toward the commission of the crime of first degree murder. Retrieving a rifle and driving back to the site of a previous altercation may not, in every case, amount to a substantial step toward the commission of attempted first degree murder. However, Mr. Gentilini's actions, combined with his stated intent to commit the crime, convince us that the evidence in this case was sufficient to submit to the jury. The district court did not err in denying Mr. Gentilini's motion for judgment of acquittal.

### Jury Instruction

[¶ 16] In his second issue, Mr. Gentilini contends the jury instruction pertaining to attempted first degree murder was erroneous. Because there was no objection to the jury instruction at trial, we will review for plain error. *Granzer v. State,* 2008 WY 118, ¶ 9, 193 P.3d 266, 269 (Wyo.2008). "Plain error exists when: 1) the record is clear about the incident alleged as error; 2) there was a transgression of a clear and unequivocal rule of law; and 3) the party claiming the error was denied a substantial right which materially prejudiced him." *Guy,* ¶ 9, 184 P.3d at 692.

at the scene. Mr. Gentilini does not challenge

[¶ 17] We also apply the following standard:

When reviewing questions involving jury instructions, we afford the trial court significant deference. Jury instructions must be considered as a whole, and individual instructions, or parts of them, should not be singled out and considered in isolation. We confine our review to a search for prejudicial error. As long as the instructions correctly state the law and the entire charge covers the relevant issue, reversible error will not be found.

*Creecy v. State,* 2009 WY 89, ¶ 18, 210 P.3d 1089, 1093 (Wyo.2009) (internal punctuation omitted). "Jury instructions shall not be ruled defective absent a showing that the instructions confused or misled the jury as to the proper principles of law and prejudiced the defendant." *Baker v. State,* 2010 WY 6, ¶ 31, 223 P.3d 542, 555 (Wyo.2010).

[¶ 18] The relevant instructions state:

### INSTRUCTION NO. 11

The necessary elements of the crime of Attempted Murder In the First Degree, in violation of Wyoming Statute § 6–2–101(a) and § 6–1–301 are as follows;

1. On or about the 23rd day of April, 2008;

2. while in Washakie County, Wyoming;

3. Defendant, David Gentilini;

4. Purposely;

5. With premeditated malice, attempted to kill a human being, the victim [Mr.] Ellsworth;

6. With the intent to commit the crime of first degree murder;

7. Did an act which was a substantial step toward commission of the crime of first degree murder.

If you find from your consideration of all the evidence that any of these elements have not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

this result.

If, on the other hand, you find from your consideration of all the evidence that each of these elements has been proved beyond a reasonable doubt, then you should find the defendant guilty.

### INSTRUCTION NO. 12

"Premeditated malice" means that the defendant thought about and considered the idea of killing before or during taking a substantial act toward commission of the act of first degree murder.

"Premeditated" implies an interval, however brief, between the formation of the intent or design to kill and the taking of the substantial act toward the commission of the act of first degree murder.

### INSTRUCTION NO. 13

The crime of murder in the first degree is one which requires specific intent.

In order to convict the Defendant of attempted murder in the first degree you must find that the Defendant specifically intended to commit the underlying offense, that being murder in the first degree.

If you have any doubt that the Defendant did not have the specific intent to kill the victim in this case then you must find him "not guilty" of the crime of attempted murder in the first degree.

### INSTRUCTION NO. 14

A substantial step is "conduct which is strongly corroborative of the firmness of the person's intention to complete the commission of the crime."

### INSTRUCTION NO. 15

If you find from your consideration of all the evidence that the defendant committed the crime of Attempt to Commit 1st Degree Murder as set forth in Instruction No. 11, then you must further consider whether the defendant renounced his criminal intention.

The defendant is not liable for an attempt to commit the crime of 1st Degree Murder if, under circumstances manifesting a voluntary and complete renunciation of his criminal intention, the defendant avoided the commission of the crime of 1st Degree Murder by abandoning his criminal effort.

Renunciation is no longer available to the defendant after the defendant has completed all of the acts necessary to constitute the criminal effort to commit the crime intended.

If you find from your consideration of all the evidence that the defendant voluntarily and completely renounced his criminal intention as explained in this Instruction, then you should find the defendant not guilty of the crime of Attempt to Commit 1st Degree Murder.

[¶ 19] Mr. Gentilini contends Instruction 11 did not properly instruct the jury on all of the required elements. He asserts that the court should have given two separate instructions—one defining the elements of attempt, the other defining the elements of first degree murder. He also contends the instruction was inadequate because "[i]t is difficult to state exactly what the intent requirements are and where they are to be applied."

[¶ 20] A jury instruction is not given in error simply because it combines the elements of two crimes. *See Rigler v. State*, 941 P.2d 734, 741–42 (Wyo.1997). The test of an adequate jury instruction is "whether the instructions leave no doubt as to the circumstances under which the crime can be found to have been committed." *Mueller v. State*, 2001 WY 134, ¶ 9, 36 P.3d 1151, 1155 (Wyo. 2001). Although Mr. Gentilini limits his challenge to Instruction 11, that instruction must be reviewed in context with the other instructions. The jury was instructed on the essential elements of both attempt and the underlying crime of first degree murder. The court defined "premeditated," "premeditated malice," and "substantial step." The court also instructed the jury that Mr. Gentilini could not be convicted of attempted first degree murder if he renounced his intention and abandoned his effort. Mr. Gentilini did not object to any of these instructions.

When these instructions are read together with Instruction 11, we are unable to find a violation of a clear and unequivocal rule of law or that the instructions confused or misled the jury.

 [¶ 21] Mr. Gentilini also asserts that the instructions were insufficient because they did not identify which of his actions constituted the crime of attempted first degree murder. He contends the jury could have used either the act of attempting to run over Mr. Ellsworth with the car, or the act of retrieving his gun, as a basis for finding him guilty of the attempted murder charge. He cites to *Heywood v. State,* 2007 WY 149, 170 P.3d 1227 (Wyo.2007) for support.

[¶ 22] In *Heywood,* the defendant was charged with three counts of second-degree sexual assault. During deliberations, the jury sent a question to the district court asking which of the defendant's actions constituted each of the three counts. The district court did not answer the question and, instead, instructed the jury to rely on its recollection of the evidence and arguments. *Heywood,* ¶ 19, 170 P.3d at 1232. We determined the district court's failure to answer the question was plain error. We explained that the district court has a duty to provide additional instruction if the original instructions are incomplete or if the jury expresses confusion about a significant element of applicable law. *Id.,* ¶ 28, 170 P.3d at 1235. In this case, however, the district court received a question from the jury and answered it.

[¶ 23] During deliberations, the jury sent a note to the district court. The court then gathered counsel from both sides and engaged in the following exchange:

THE COURT: Now, the ... question is, "Specifically does the aggravated assault charge"—they didn't say charge, but the

aggravated assault charge, "refer solely to the automobile or does it refer to the rifle as well?" And according to the Information that was filed by the County Attorney's Office it only relates to the vehicle. Okay? Any questions about that?

[DEFENSE COUNSEL]: No.

THE COURT: Okay.

[PROSECUTOR]: State agrees.

THE COURT: And then the response, "The aggravated assault charge only relates to the automobile." Okay? All right.

The district court then provided its response to the jury. The jury did not ask questions or otherwise indicate confusion regarding any other instruction.

[¶ 24] During trial, the charge of attempted first degree murder was clearly connected to Mr. Gentilini's actions with the rifle.[4] The State explained, during closing arguments, that attempted first degree murder requires an act which was a substantial step toward that crime. The Prosecutor then stated:

[Mr. Gentilini] goes and he says, "Okay, I'm going to go get a gun." Okay. He drives to his residence across town, as he said, "I'm going to get a gun." That's a step in that direction to commit first degree murder, whether it's substantial at this point or not, I think it is. Going to get a gun, okay.

The State also clearly connected Mr. Gentilini's statement of his intent to kill, an essential element of attempted first degree murder, to his actions with the rifle:

So let's go back ... to the elements again. What was he thinking? Intent. Intent. What was he thinking? Normally, you know, how are you going to do that? How are you going to prove what somebody is thinking?

---

4. We have said that this Court determines "the State's theories from its charging documents, its requested jury instructions, etcetera—from official record evidence, not from argument by counsel." *Tanner v. State,* 2002 WY 170, ¶ 14, 57 P.3d 1242, 1246 (Wyo.2002). However, when reviewing whether jury instructions misled or confused a jury, we consider all the jury heard and the instructions as a whole. *See United States v. Caro,* 965 F.2d 1548, 1555 (10th Cir. Wyo.1992). *See also Daley v. Wenzel,* 2001 WY 80, ¶ 38, 30 P.3d 547, 556 (Wyo.2001) (considering what the jury heard in closing arguments in a determination of sufficiency of jury instructions).

. . .

[B]ut what did Mr. [Gentilini] say on April 23, 2008, right after the time this happened? "I lost it." . . . "I lost it, went home . . . got my gun, . . . and went back to kill him."

During his closing arguments, Defense Counsel also connected Mr. Gentilini's possession of the gun with the charge of attempted first degree murder and his actions with the car to the aggravated assault charge. Our review of the jury instructions and the trial transcript convince us that the jury understood that the aggravated assault charge related to Mr. Gentilini's actions with the vehicle and the attempted first degree murder charge related to his actions with the rifle.

[¶ 25] Mr. Gentilini suggests the jury instructions should have included a statement reciting which of his actions fulfilled the elements of each crime.[5] We have never re-

quired such a statement in a jury instruction, and Mr. Gentilini did not request such an instruction at trial. There is no violation of a clear and unequivocal rule of law. The district court adequately informed the jury of the elements of each crime and the circumstances that had to exist in order to find Mr. Gentilini guilty of those crimes. Mr. Gentilini has failed to establish plain error.

[¶ 26] Affirmed.

---

5. We note that Mr. Gentilini never expressed any confusion about which of his actions comprised each crime. Mr. Gentilini's proposed jury instructions also did not include a statement reciting which acts should be considered for each crime. His proposed instruction for Attempted First Degree Murder read:

1. On or about the 23rd day of April, 2008;
2. In Washakie County, Wyoming;
3. The Defendant, David A. Gentilini;
4. Purposely; and
5. With premeditated malice;
6. Intending to commit the crime of first degree murder;
7. Did attempt to kill [Mr.] Ellsworth.

If you find from your consideration of all the evidence that each of these elements has been proved beyond a reasonable doubt, then you should find the Defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any of these elements has not been proved beyond a

reasonable doubt, then you should find the Defendant not guilty.

His proposed jury instruction for Aggravated Assault and Battery read:

1. On or about the 23rd day of April 2008
2. In the County of Washakie, and State of Wyoming
3. The Defendant, David A. Gentilini
4. Attempted to cause
5. Bodily injury to another person [Mr.] Ellsworth
6. With a deadly weapon.

If you find from your consideration of all the evidence that each of these elements has been proved beyond a reasonable doubt, then you should find the Defendant guilty.

If, on the other hand, you find from your consideration of all of the evidence that any of these elements has not been proved beyond a reasonable doubt, then you should find the Defendant not guilty.